IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 20-00173-KD |
| | ) |
| ELRICK DEMARCUS TAYLOR, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Elrick Demarcus Taylor's "Motion to Correct Judgement and Commitment pursuant to Fed. Rule of Criminal Procedure 36" (doc. 46). Upon consideration, and for reasons set forth herein, the motion is MOOT, in part, and DENIED, in part.

Taylor pled guilty and was convicted of the offenses of possession with intent to distribute a controlled substance (methamphetamine) and possession of a firearm in furtherance of a drug trafficking offense. He was sentenced to a

> total term of 144 months. Said term consists of 84 months as to Count 1 with credit for time served since January 30, 2019; said term to run concurrently with any yet to be imposed custody sentence as referenced in Paragraphs #43 and #44 of the presentence report; and 60 months as to Count 2; said term to run consecutively to the custody sentence imposed in Count 1.

(Doc. 41).

Paragraphs 43 and 44 of the Presentence Investigation Report indicated that Taylor had pled guilty and would be sentenced by the State of Alabama for related drug trafficking offenses (doc. 32, p. 19-20). After entry of judgment, Taylor was returned to the State of Alabama. He is now incarcerated at FCI Talladega in Talladega, Alabama. His release date is June 29, 2029.

Taylor moves the Court to "correct" his term of imprisonment to "fulfill the verbal order of the court" that his term would run concurrent with his state sentences. However, the written judgment already indicates that his federal sentence is to be served concurrent with his yet-to-be-

imposed state sentences for the related state offenses. Accordingly, this part of his motion is MOOT.

Taylor argues that the Bureau of Prisons improperly calculated his credit for time served in custody before he was convicted, and that this miscalculation was caused by a clerical error in his judgment. He asks the Court "to correct the judgment … to state 'from day of arrest'" (doc. 46, p. 2). His sentence was imposed "with credit for time served since January 30, 2019" which is the day he was arrested on a related state case (doc. 32, p. 1, Presentence Investigation Report). Taylor had previously been arrested May 1, 2018 on another related state case (Id.). Thus, he appears to argue that the judgment should be amended to read "with credit for time served since May 1, 2018".

However, the Court's decision whether Taylor should receive credit for time served and when to start the credit calculation is a substantive decision that is not subject to clerical error review. See United States v. Marion, 775 Fed. Appx. 663, 664–65 (11th Cir. 2019) ("Because the judgment reflected the court's oral pronouncement at sentencing, Marion's argument that he should have received 38 months of credit is a substantive argument that the district court erred in its application of U.S.S.G. § 5G1.3(b), not an argument that the judgment contained a minor or mechanical error."). Accordingly, this part of Taylor's motion is DENIED.

**DONE** and **ORDERED** this 25th of July 2024.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**